IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                          *
ARNOLD M. JOLIVET,
                          *
      Plaintiff,
                          *
         v.                      CIVIL NO.: WDQ-07-2359
                          *
UNIVERSITY OF MARYLAND MEDICAL
SYSTEM CORPORATION,              *

      Defendant.                 *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Arnold M. Jolivet *pro se* sued the University of Maryland
Medical System Corporation ("UMMS") for violations of the
Maryland Public Information Act (the "MPIA")[1], the Maryland Open
Meetings Act (the "OMA")[2], and his equal protection rights.[3]

Pending are UMMS's motion to dismiss and Jolivet's motion
for remand.  For the following reasons, UMMS's motion will be
granted, and Jolivet's motion will be denied.

I.  Background

On July 26, 2007, Jolivet sued UMMS in the Circuit Court for
Baltimore City for violations of the MPIA, OMA, and his equal

---

[1] Md. Code Ann., State Gov't § 10-611 *et seq.* (West 2007).

[2] Md. Code Ann., State Gov't § 10-501 *et seq.* (West 2007).

[3] 42 U.S.C. § 1983 (2000).

1

protection rights.[4]   *See* Paper No. 2.   On September 4, 2007, UMMS
removed the action to this Court.   Paper No. 1.   On September 19,
2007, Jolivet voluntarily dismissed Count 3 of his complaint--the
constitutional claim.

II.  Analysis

     A.   Motion for Remand

     Jolivet contends that the voluntary dismissal of his federal
claim defeats federal jurisdiction; therefore, his case should be
remanded to state court.   Jolivet also asserts that his case
involves unsettled questions of state law, thus a state court is
"uniquely qualified to make this ruling."   Pl.'s Mot. for Remand
at 4.   UMMS counters that Jolivet is seeking remand solely for
forum shopping purposes; therefore, his request should be denied.
Def.'s Resp. Mot. for Remand at 2.   UMMS claims that Jolivet
dismissed his federal claim to avoid a federal forum and prevent
the court from ruling on UMMS's motion to dismiss.   *Id.*   UMMS
notes that Jolivet adopted a similar strategy in a suit he filed
against the City of Baltimore last year.   Moreover, UMMS argues
that it would be more efficient for the Court to exercise its
jurisdiction and rule on UMMS's motion because the law precludes
Jolivet's claims.   *Id.* at 3.

----

     [4] Jolivet seeks: (1) declaratory relief for the claims
brought under the MPIA and OMA; (2) an order voiding certain
contracts awarded by UMMS; (3) an order requiring UMMS to cease
its allegedly discriminatory policies and practices; and (4) an
award of $5 million.

The dismissal of Jolivet's federal claim does not defeat federal jurisdiction.  A district court has the discretion to either dismiss pendent state law claims and remand the case to state court or decide the merits of the state law claims.  28 U.S.C. § 1367(c)(3); *Farlow v. Wachovia Bank of North Carolina, N.A.*, 259 F.3d 309, 317 (4th Cir. 2001).  The court enjoys wide latitude in exercising this discretion.  *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  However, the court should consider "the values of judicial economy, convenience, fairness, and comity" in determining whether to relinquish jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  The court may also consider denying remand if a plaintiff's "post-removal abandonment" of federal claims suggests that he has engaged in manipulative tactics.  *Id.* at 357.

Jolivet has offered no reason for dropping his federal claim.  It appears that Jolivet's sole reason for dropping that claim was to destroy removal jurisdiction.  Fairness and comity are served as Jolivet's state law claims do not present complex state law issues.  As the parties and attorneys are in the Baltimore area, the retention of jurisdiction would lessen the burden on the parties by a quick resolution of the case.

B.   Motion to Dismiss

1.   Standard of Review

Under Rule 12(b)(6), a party may move to dismiss an action

if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

The court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).  Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic*, 127 S. Ct. at 1965.

Although the notice-pleading requirements of Rule 8(a)(2) are "not onerous," the plaintiff must allege facts that support each element of his claim.  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).

In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and any incorporated documents.  *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md.

4

1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

2.  Discussion

a.  Count I under the MPIA

Count I alleges that UMMS violated the MPIA when it refused to provide Jolivet with copies of certain UMMS business records. Compl. ¶ 7. The MPIA provides that "a custodian shall permit a person or governmental unit to inspect any public record at any reasonable time."  Md. Code Ann., State Gov't, § 10-613(a)(1) (West 2007).  A "public record" includes any documentary material "made by a unit or instrumentality of the State government or of a political subdivision or received by the unit or instrumentality in connection with the transaction of public business."  *Id*. § 10-611(g)(1).

UMMS argues that Jolivet's claim fails because the MPIA only applies to governmental and public entities and, under section 13-303(a)(2) of the Maryland Code, UMMS is not a governmental entity.  Section 13-303(a)(2) provides that "the Medical System Corporation . . . shall not be a State agency, political subdivision, public body, public corporation, or municipal corporation and is not subject to any provisions of law

affecting only governmental or public entities."[5]

Jolivet contends that UMMS's reliance on section 13-303 is misplaced and that several Maryland Court of Appeals rulings require the Court to determine if the entity is an instrumentality of the state by examining its relationship with the state. *City of Baltimore Dev. Corp. v. Carmel Realty Assoc.*, 395 Md. 299, 334 (2006); *see also A.S. Abell Pub. Co. v. Mezzanote*, 297 Md. 26, 32 (1983); *Moberly v. Herboldsheimer*, 276 Md. 211 (1975). Since the state exercises control over UMMS's operation and it was created for a public purpose, Jolivet asserts that UMMS should be considered a "unit or instrumentality" of the state.

If the language of a statute is unambiguous when construed according to its ordinary meaning, the Court should give effect to the statute as it is written. *Kushell v. Dep't. of Natural Resources*, 385 Md. 563, 576-77 (2005).  Under section 13-303(a)(2), UMMS is neither a political subdivision nor a public entity.  Thus, it is unnecessary for the Court to examine the relationship between UMMS and the state to determine if the MPIA applies.  Moreover, the General Assembly expressly formed UMMS to transfer patient care services to private health care providers

---

[5] Under section 13-301(k), the University Medical System "consist[s] of those health care delivery components of the University that are in Baltimore City rendering patient care services."

6

and to separate the operations of the medical system from the state.  *See* Md. Code Ann., Educ. § 13-302(1)-(8) (West 2007). UMMS is not a governmental entity, and the MPIA does not apply to it.

>  b.   Count II under the OMA

Jolivet alleges in Count II that the OMA requires UMMS to open its Board of Directors' business meetings to the general public, and since UMMS awarded contracts at closed meetings, the OMA was violated.  Compl. ¶ 11.  UMMS asserts that it is not a "public body" within the meaning of the OMA, and thus Jolivet's claim should be dismissed.  Under the OMA, a "public body" is an entity that:

>  (i) consists of at least 2 individuals;

>  (ii) and is created by:

>>  1. the Maryland Constitution;
>>  2. a state statute;
>>  3. a county charter;
>>  4. an ordinance;
>>  5. a rule, resolution, or bylaw;
>>  6. an executive order of the Governor;
>>  7. or an executive order of the chief executive
>>  authority of a political subdivision of the State.

Md. Code Ann., State Gov't § 10-502(h)(1).  Public body does not include "the governing body of a hospital" as defined in section 19-301(g) of the Health--General Article.  *See Id.* 10-502(h)(3)(x).  UMMS contends that the public body exemption applies because it is the "ultimate governing body for several hospitals."  Def.'s Mot. to Dismiss at 14-15.  UMMS also stresses

that under the MPIA it is not a public body.  *Id.*

Despite section 13-303, Jolivet asserts that UMMS should be considered a public body because it was created by statute.  *See* 10-502(h)(1).  Relying on language in subsection (h)(2),[6] Jolivet also asserts that since the Governor appoints UMMS's Board of Directors, the state controls UMMS, and therefore, it is a "public body" subject to the OMA.  Jolivet contends that UMMS serves no purely private function and a state-created entity with as many public traits as UMMS should be subject to the OMA.

Jolivet's interpretation is contrary to sections 13-303 and 10-502.  *Price v. State*, 378 Md. 378, 387 (2003).  UMMS is not a public body, and it is not subject to the OMA.

III. Conclusion

For the above reasons, Jolivet's motion will be denied, and UMMS's motion will be granted.


December 13, 2007                    _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge


---

[6] Under section 10-502(h)(2), public body includes "any multi-member board, commission or committee appointed by the Governor or the chief executive authority of a political subdivision of the State, or appointed by an official who is subject to the policy direction of the Governor or chief executive authority of the political subdivision[.]"